

45 East 34th Street, 5th Floor
New York, New York 10016
Tel.: (212) 594-1035
Email: yji@ahnejillp.com
Website: www.ahnejilaw.com

January 21, 2022

*Via ECF*
Hon. Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

MEMO ENDORSED

    **Re:** **Ortega v. Lee Salon 25 Corp., et al.**
       **Case No.: 1:21-cv-01844-PAE-OTW**

Dear Judge Wang:

  This office represents the Defendants, Lee Salon 25 Corp. and Sophia Lee (the "Defendants"), in the above-referenced matter. We are submitting this letter in response to Plaintiff's letter motion to compel discovery.

  Rule 37 of the Fed. R. Civ. P. provides that, in relevant part, the motion for an order compelling disclosure or discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The court must not order payment of the movant's reasonable expenses incurred in making the motion, including attorneys' fees, if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action. Fed. R. Civ. P. 37(a)(5)(A)(i).

  The meet-and-confer requirement mandates that parties actually "meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining… what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention." *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998) (quoting *Deckon v. Chidebere*, 1994 WL 49488, at *5 [S.D.N.Y. Sept. 9, 1994]).

  Paragraph II(b) of Your Honor's Individual Practices in Civil Cases also provides that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with

1

the opposing party, in person or by telephone, in an effort to resolve the dispute." Said paragraph further provides that "[i]f this meet-and-confer process does not resolve the dispute, the party may submit an ECF letter-motion to the Court," and "[s]uch letter *must include a representation that the meet-and-confer process occurred*, including when and whether it was in person or over the telephone."

Here, Plaintiff has failed to comply with the meet-and-confer requirements prior to filing the instant motion to compel. The alleged dispute arose during the deposition of Mr. Sang Lee, who testified as the Rule 30(b)(6) witness on behalf of the corporate defendant, Lee Salon 25 Corp., on January 18, 2022. Plaintiff's contention that he filed the instant motion after numerous good-faith attempts to obtain the information is without merit and should be rejected by this Court. The alleged dispute arose during the deposition of Mr. Sang Lee, as conceded by Plaintiff, and after several back and forth, counsel for the Parties decided to leave a space on the record so that it can be filled out in the future based on the Court's ruling. At no point did Plaintiff's counsel attempt to have a meet-and-confer, either in person or by telephone, after the conclusion of said deposition, and the instant motion was filed on January 19, 2022, a day after the alleged dispute arose, without showing any good faith attempts to resolve the issue. Plaintiff's counsel's statement that he made several attempts to obtain the testimony during the deposition does not rise to the level of required good faith meet-and-confer.

Accordingly, Plaintiff's motion to compel should be denied on this basis alone, as the meet-and-confer requirements are strictly enforced in this District. *See Excess ins. Co., Ltd. v. Rochdale Ins. Co.*, 2007 WL 2900217 (S.D.N.Y. Oct. 4, 2007) (only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel); *see also*, Fed. R. Civ. P. 37(a)(5)(A)(i) (the court must not order payment of the movant's reasonable expenses incurred in making the motion, including attorneys' fees, if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action).

Even assuming *arguendo* that a meet-and-confer took place, Plaintiff's argument still fails for the following reasons:

Rule 26(b)(1) of the Fed. R. Civ. P. provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

As conceded by Plaintiff, the main issue in the instant lawsuit is whether Plaintiff Rosa Bueno Ortega was paid all required wages under the FLSA and NYLL while she was employed at Defendant **Lee Salon 25 Corp**. The entire line of questionings in dispute pertains to a business, named "**Black Label Salon**," which is not a party to, and has nothing to do with, the instant lawsuit. Stated differently, the questions of whether the plaintiff in the Black Label Salon lawsuit, Marina Narvaez, was required to sign certain documents containing allegedly false information, in what year the Department of Labor conducted investigation into Black Label Salon, and whether Mr. Sang Lee reviewed the complaint in the Black Label Salon lawsuit have no bearing on, are not relevant in any way to, and have nothing to do with, the instant lawsuit between Plaintiff Rosa

Bueno Ortega and Lee Salon 25 Corp.  Neither the plaintiff in the Black Label Salon lawsuit nor Black Label Salon are parties to the instant lawsuit.

In essence, the crux of Plaintiff's contention is that because Plaintiff in the instant lawsuit is raising an allegation similar to the allegation raised by the plaintiff in the Black Label Salon lawsuit, any information pertaining to the Black Label Salon lawsuit must be relevant to Plaintiff's instant lawsuit against Lee Salon 25 Corp.  However, the mere fact that a similar allegation was made in another lawsuit, which involved different parties and different facts, has no bearing on the instant lawsuit.  Plaintiff raised her allegation of document fabrication by Mr. Lee and Ms. Connie Lee for the first time as part of her premature letter motion to compel, and Plaintiff's mere hunch that the Defendants may have fabricated documents alone, without more, does not render any information from the Black Label Salon lawsuit relevant to the instant lawsuit.  The Black Label Salon lawsuit involved different parties and different facts, and no connection has been drawn between the Black Label Salon lawsuit and the instant lawsuit. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978) (discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26[b][1]); *Estee Lauder, Inc. v. Fragrance Counter, Inc*., 189 F.R.D. 269, 274 (S.D.N.Y. 1999) ("while the discovery rules are broad, they do not permit discovery of matters that are neither relevant to issues in the case nor calculated to lead to relevant and admissible evidence").

The information Plaintiff seeks to obtain is not relevant to any of the Parties' claims or defenses, and is not necessary for the prosecution or defense, in the instant lawsuit, as said information has no connection whatsoever to the facts of, and the parties involved in, the instant lawsuit.  As of the date of this letter, Plaintiff's deposition has not even taken place, and it is currently scheduled for February 4, 2022.  Through the depositions of the Parties, and non-parties, if necessary, relevant facts will be revealed.

Based on the docket search of the Black Label Salon lawsuit, the parties in that lawsuit reached a settlement in early 2021, and there was no finding or admission of document fabrication.  Thus, inquiring into the allegation of document fabrication raised in the Black Label Salon lawsuit, based on Plaintiff's mere hunch, in the instant lawsuit is harassing and oppressive, and the burden placed on the Defendants would outweigh its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

Based on these, Plaintiff's attempt to obtain the information pertaining to the Black Label Salon lawsuit cannot be forced into the concept of "relevancy" prescribed by the Fed. R. Civ. P.

For these reasons, the Defendants respectfully request that the Court deny Plaintiff's motion to compel as premature and direct Plaintiff's counsel to meet-and-confer with the undersigned in good-faith to resolve any discovery disputes.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ Younghoon Ji_____
**AHNE & JI, LLP**
By: Younghoon Ji, Esq.

cc: *Via ECF*
Keith Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for Plaintiff*

> Defense counsel's objections are overruled, and the Court questions whether they were made in good faith.
>
> By **Friday, January 28, 2022**, the parties are directed to meet and confer and file a joint letter informing the Court of the date of Mr. Sang Lee's deposition, which shall continue for up to five hours.
>
> The following briefing schedule for Plaintiff's motion for payment of expenses under FRCP 37(a)(5) is as follows:
>
> Plaintiff will file its Motion no later than February 11, 2022.
> Defendant will file their Opposition no later than February 25, 2022.
> Plaintiff will file any Reply Brief no later than March 11, 2022.
>
> Ona T. Wang                                            01/25/2022
> United States Magistrate Judge