UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
ROSA BUENO ORTEGA, :
:
                        Plaintiff, :    21-CV-01844 (PAE) (OTW)
:
     -against- :    **OPINION & ORDER**
:
LEE SALON 25 CORP., CONNIE LEE, and SANG :
LEE, :
:
                       Defendants. :
:
-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**I.    Introduction**

**This order supersedes ECF 58. The Clerk of Court is directed to strike ECF 58 from the docket.**

Plaintiff Rose B. Ortega ("Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") to recover unpaid overtime wages and other relief. (ECF 40 ¶ 1). The Plaintiff is a former employee of the Defendant, Lee Salon 25 ("Defendant"), which is located at 111 John Street, New York, New York 10038. (ECF 40 ¶¶ 21, 6). The parties have consented to a final order for Plaintiff's Motion for Settlement Approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d. Cir. 2015). (ECF 51, 56). For the reasons below, the settlement is **APPROVED**.

**I.    Background**

Plaintiff was employed as a nail technician at Lee Salon 25 from about February 2012 until about March 6, 2018. (ECF 40 ¶¶ 21, 22). Plaintiff alleges that the Defendants did not pay her the

1

statutory minimum wage rate, overtime compensation, or the spread of hours compensation. (ECF 40 ¶¶¶ 39, 40, 41). She also alleges that the Defendant failed to provide her with appropriate wage notices and complete and accurate earning statements as well as her weekly earnings. (ECF 40 ¶¶ 42, 43). Before December 17, 2015, Defendants required that Plaintiff utilize her punch card to punch in and out of work. (ECF 40 ¶ 25). Defendant was not in possession of the punch cards for this time period so Plaintiff's hours from before December 17, 2015, are unrecorded. (ECF 40 ¶ 25). From about March 2, 2015 to December 16, 2015, "[the] Plaintiff typically worked Monday, Tuesday, Thursday, and Friday from about 10:00 a.m. to 9:00 p.m. and on Sunday from 11:00 a.m. until about 8:00 p.m." (ECF 40 ¶ 26). The Defendant does have the punch cards[1] from the December 17, 2015 to March 6, 2018 time period in their possession. (ECF 40 ¶ 28). Plaintiff's time records from December 17, 2015, to March 6, 2018, show that throughout her employment she regularly worked more than forty hours per week and that she worked a spread of hours greater than ten hours per day. (ECF ¶¶ 31, 32). In 2015, the Plaintiff was paid a daily rate of $65.00 and in 2016, she was paid $7.50 per hour. (ECF ¶¶ 34, 35). The Defendants did not provide the Plaintiff with notice nor do they have any documents in their possession as to whether her wages would be subject to a tip credit or allowance. (ECF ¶ 38).

**II.   Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals

---

[1] During this time, Defendants used a photographic time-keeping computer system. (ECF 40 ¶ 28).

settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will recommend approval of such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) The plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

    a. **Range of Recovery and Litigation Risks**

Based on the estimated damages calculations, Plaintiff's range of possible recovery was between $0 and $66,641.38. (ECF 53-2 at 10). The proposed settlement agreement is $30,000, approximately 50% of her estimated best-case damages, which includes owed wages, liquated damages, interest, penalties, and attorneys' fees and costs. (ECF 53-1 at 1).

Here, Plaintiff acknowledges that "both parties in this matter face substantial risks in proceeding forward in this litigation." (ECF 52 at 5). The Defendant believes that they could prevail at trial, and if they were to prevail, Plaintiff could possibly recover nothing at all. (ECF 52 5). Additionally, there is a strong likelihood that Plaintiff would have to wait months or possibly years for the matter to progress. (ECF 52 at 5). Conversely, if Plaintiff were to continue with litigation and prevail at trial, the Defendant may bear the risk of significant liability for unpaid wages, civil penalties, interest, and attorneys' fees. (ECF 52 at 5). Besides litigation costs, both parties also believe that proceeding with litigation would be emotionally draining regardless of

who prevails. (ECF 52 at 5). For the foregoing reasons, both Parties believe that the settlement is fair. (ECF 52 at 5).

### a. Arm's Length Negotiation

The parties represented that the settlement was reached as the result of legitimate bargaining between experienced counsel, which is evidence of an arm's length negotiation. *See Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016).

### b. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### c. Settlement Agreement Provisions

This agreement does not include provisions that courts have found fatal in other proposed FLSA settlements such as confidentiality and non-disparagement provisions. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding an "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). The parties both agree that this Agreement reflects the entire agreement between them and preempts any and all prior agreements, contracts, understandings, or representations. (ECF 53-1 at 5).

### d. Attorneys' Fees

Under the proposed settlement agreement, Plaintiff's counsel will be awarded $13,093.07, equaling (i) $3,093.07 in reimbursement costs and (ii) $10,000 in attorneys' fees, which is one-third of the settlement amount after deduction of the $3,093.07 in costs. (ECF 52 at 3, 9). Plaintiff will receive the remainder of the settlement amount, which is $16,096.93. (ECF 52

at 3). The award of attorneys' fees and costs is reasonable and represents approximately one-third of the total award. Although there is not a proportionality requirement, attorneys' fees in FLSA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant'"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorney's fees that range between 30 and 33 1/3 %."). In this case, Plaintiff's attorneys' fees are reasonable.

### III.  Conclusion

For the foregoing reasons, the proposed settlement agreement is approved as fair and reasonable. Plaintiff will receive **$16,906.93**, and Plaintiff's counsel will receive **$13,093.07**, with **$10,000** allocated to attorneys' fees and **$3,093.07** allocated to costs.

The Clerk of Court is respectfully directed to close ECF 51.

|  |  |
|---|---|
| Dated: November 30, 2022<br>New York, New York | _/s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |